**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA**
111 Locust Street, Office 320
Des Moines, Iowa 50309
www.iasb.uscourts.gov

In the Matter of:                                     Case No. 25–01818–lmj13

Carrie Ann Matzen

Debtor(s)

### ORDER REGARDING DUTIES OF DEBTOR(S) AND
### NOTICE REGARDING FAILURE TO ABIDE BY THIS ORDER

11 U.S.C sections 343 and 521 are applicable to this Chapter 13 case by operation of 11 U.S.C. section 103(a). Section 343 provides in part that " **[t]he debtor shall** appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." Section 521 adds:

(a) **The debtor shall**–––

    (1) file–––

        (A) a list of creditors (**Matrix**); and

        (B) unless the court orders otherwise–––

            (i) a schedule of assets and liabilities (**Schedule A through H);**
            (ii) a schedule of current income and current expenditures (**Schedule I and J**);
            (iii) a statement of the debtor's financial affairs (**Statement of Financial Affairs**) and, if section 342(b) applies, a certificate–––

                (I) of an attorney whose name is indicated on the petition as the attorney for the debtor (**Petition, Page 7**), or a bankruptcy petition preparer signing under section 110(b)(1) (**Official Form 119**), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
                (II) if no attorney is so indicated, and no bankruptcy petition preparer signed Official Form 119, of the debtor that such notice was received and read by the debtor (**Petition, Page 6**);

            (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the peition, by the debtor from any employer of the debtor (**Pay Stubs; if not applicable, file a Declaration Re: No Employee Income Record**);
            (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated (**Calculation of Commitment Period and Disposable Income**); and
            (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12–month period following the date of the filing of the petition (**bottom portion of Schedule I, Page 2**).

**NOTE: IT IS EXTREMELY IMPORTANT THAT THE DEBTOR(S) TIMELY FILE ALL OF THE ABOVE ITEMS BY THE 45TH DAY AFTER THE DATE OF THE FILING OF THE PETITION TO PREVENT THIS CASE FROM BEING SUBJECT TO AUTOMATIC DISMISSAL EFFECTIVE THE 46TH DAY AFTER THE DATE OF THE FILING OF THE PETITION IF A PARTY IN INTEREST REQUESTS THE COURT ENTER AN ORDER DISMISSING THIS CASE. WITH RESPECT TO THE 45TH DAY, RULE 9006(a) BUT NOT RULE 9006(f) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPLIES.**

(3) if a trustee is serving in the case, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title;

(4) if a trustee is serving in the case, surrender to the trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate whether or not immunity is granted under section 344 of this title;

(5) appear at the hearing required under section 524(d) of this title.

(b) In addition to the requirements under subsection (a), a debtor who is an individual shall file with the court––

(1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor; and

(2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph(1).

**NOTE: FAILURE OF DEBTOR(S) TO FILE THE CERTIFICATE DESCRIBED ABOVE WILL RESULT IN THE TRUSTEE FILING A DOCKET TEXT MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 109(h) (ELIGIBILITY NOT ESTABLISHED DUE TO FAILURE TO FILE 11 U.S.C. SECTION 521(b)(1) CERTIFICATE OF CREDIT COUNSELING).**

(c) In addition to meeting the requirements under subsection (a), a debtor shall file with the court a record of any interest that a debtor has in an education individual retirement account (as defined in section 530(b)(1) of the Internal Revenue Code of 1986) or under a qualified State tuition program (as defined in section 529(b)(1) of such Code).

–––

(e)(2)(A) The debtor shall provide–––

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and;

(ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

**NOTE: DEBTOR(S) SHALL NOT FILE THE ABOVE DESCRIBED COPY OF A PREPETITION RETURN OR TRANSCRIPT WITH THE COURT. RATHER, DEBTOR(S) SHALL TIMELY PROVIDE THE COPY DIRECTLY TO THE TRUSTEE. FAILURE TO DO SO MAY RESULT IN THE TRUSTEE FILING A DOCKET TEXT MOTION TO DISMISS PURSUANT TO 11 U.S.C. SECTION 521(e)(2)(A) AND (B) (FAILURE TO PROVIDE TAX RETURN TO TRUSTEE).**

(f) At the request of the court, the United States trustee, or any party in interest in a case under Chapter 13, a debtor who is an individual shall file with the court––

(1) at the same time filed with the taxing authority, a copy of each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) with respect to each tax year of the debtor ending while the case is pending under such chapter;

(2) at the same time filed with the taxing authority, each Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such tax return) that had not been filed with such authority as of the date of the commencement of the case and that was subsequently filed for any tax year of the debtor ending in the 3–year period ending on the date of the commencement of the case;

(3) a copy of each amendment to any Federal income tax return or transcript filed with the court under paragraph (1) or (2); and

(4) in a case under Chapter 13 –

    (A) on the date that is either 90 days after the end of such tax year or 1 year after the date of the commencement of the case, whichever is later, if a plan is not confirmed before such later date; and

    (B) annually after the plan is confirmed and until the case is closed, not later than the date that is 45 days before the anniversary of the confirmation of the plan; a statement, under penalty of perjury, of the income and expenditures of the debtor during the tax year of the debtor most recently concluded before such statement is filed under this paragraph, and of the monthly income of the debtor, that shows how income, expenditures, and monthly income are calculated.

(g) (1) A statement referred to in subsection (f)(4) shall disclose––

    (A) the amount and sources of the income of the debtor;

    (B) the identity of any person responsible with the debtor for support of any dependant of the debtor; and

    (C) the identity of any person who contributed, and the amount contributed, to the household in which the debtor resides.

(2) The tax returns, amendments, and statement of income and expenditures described in subsections (e)(2)(A) and (f) shall be available to the United States trustee, the trustee, and any party in interest for inspection and copying, subject to the requirements of section 315(c) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

**NOTE: DEBTOR(S) SHALL NOT FILE THE ABOVE DESCRIBED COPIES OF POSTPETITION RETURN(S) OR TRANSCRIPT(S) OF THE ABOVE DESCRIBED STATEMENT(S) WITH THE COURT UNLESS AND UNTIL THE UNITED STATES TRUSTEE OR A PARTY IN INTEREST FILES A MOTION REQUESTING DEBTOR(S) TO DO SO. PARENTHETICAL NOTE: ON RARE OCCASION THE COURT ON ITS OWN MOTION MAY ORDER DEBTOR(S) TO FILE COPIES OF POSTPETITION RETURN(S) OR TRANSCRIPTS(S) OR STATEMENTS(S).**

(h) If requested by the United States trustee or by the trustee, the debtor shall provide––

    (1) a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor; or

    (2) such other personal identifying information relating to the debtor that establishes the identity of the debtor.

–––

11 U.S.C. section 1362(a) adds:

    (1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount––

        (A) proposed by the plan to the trustee;

        (B) scheduled in a lease of personal property directly to the lessor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment; and

        (C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph; (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

———

(4) Not later than 60 days after the date of filing of a case under this chapter, a debtor retaining possession of personal property subject to a lease or securing a claim attributable in whole or in part to the purchase price of such property shall provide the lessor or secured creditor reasonable evidence of the maintenance of any required insurance coverage with respect to the use or ownership of such property and continue to do so for so long as the debtor retains possession of such property.

In accordance with Rule 3015(b) of Federal Rules of Bankruptcy Procedure, **the debtor(s) shall** file the plan no later than 14 days after the petition date.

Furthermore, Rule 4002 of the Federal Rules of Bankruptcy Procedure states:

(a) In General. In addition to performing other duties that are required by the Code or these rules, the debtor must:

(1) attend and submit to an examination when the court orders;

———

(3) if a schedule of property has not yet been filed under Rule 1007, report to the trustee immediately in writing:

(A) the location of any real property in which the debtor has an interest; and

(B) the name and address of every person holding money or property subject to the debtor's withdrawal or order;

(4) cooperate with the trustee in preparing an inventory, examining proofs of claim, and administering the estate; and

(5) file a statement of any change in the debtor's address.

(b) Individual Debtor's Duty to Provide Documents.

(1) *Personal Identifying Information.* An individual debtor must bring to the section 341 meeting of creditors:

(A) a government–issued identification with the debtor's picture, or other personal information that establishes the debtor's identity; and

(B) evidence of any social–security number, or a written statement that no such evidence exists.

(2) *Financial Documents.* An individual debtor must bring the following documents (or copies) to the section 341 meeting of creditors and make them available to the trustee––or provide a written statement that they do not exist or are not in the debtor's possession:

(A) evidence of current income, such as the most recent payment advice;

(B) unless the trustee or the United States trustee instructs otherwise, a statement for each depository or investment account––including a checking, savings, or money–market account, mutual fund or brokerage account––for the period that includes the petition's filing date; and

(C) if required by section 707(b)(2)(A) or (B), documents showing claimed monthly expenses.

(3) *Tax Return to Be Provided to the Trustee.* At least 7 days before the first date set for the section 341 meeting of creditors, the debtor must provide the trustee with:

(A) a copy of the debtor's federal income–tax return, including any attachments to it, for the most recent tax year ending before the case was commenced and for which the debtor filed a return;

(B) a transcript of the return; or

(C) a written statement that the documents do not exist.

(4) *Tax Return to Be Provided to a Creditor.* Upon a creditor's request at least 14 days before the first date set for the section 341 meeting of creditors, the debtor must provide the creditor with the documents to be provided to the trustee under (3). The debtor must do so at least 7 days before the meeting.

(5) *Safeguarding Confidential Tax Information.* The debtor's obligation to provide tax returns under (3) and (4) is subject to procedures established by the Director of the Administrative Office of the United States Courts for safeguarding confidential tax information.

Lastly, it should be noted that the Court is entering this Order and Notice pursuant to 11 U.S.C. section 105(a) that indicates:

The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the Court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**FINAL NOTES: (1) THIS ORDER AND NOTICE DOES NOT CONTAIN AN EXHAUSTIVE LIST OF THE DUTIES OF CHAPTER 13 DEBTOR(S). CONSULT THE APPLICABLE PROVISIONS OF THE UNITED STATES BANKRUPTCY CODE AND THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR MORE DETAILS. FAILURE TO ABIDE BY THE VARIOUS DIRECTIVES CARRIES VARIOUS CONSEQUENCES. (2) REMEMBER TO REDACT ALL BUT THE LAST FOUR DIGITS OF SOCIAL SECURITY NUMBER(S) AND TAXPAYER–IDENTIFICATION NUMBER(S) AND OTHER INFORMATION OUTLINED IN RULE 9037 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE. (THE CLERK OF COURT DOES NOT REDACT THE INFORMATION FOR YOU.)**

**ACCORDINGLY, IT IS HEREBY ORDERED and NOTICED that:**

(1) The Debtor(s) and, if represented by counsel, the Attorney for the Debtor(s) shall comply fully and timely with all the Bankruptcy Code sections and the Federal Rules of Bankruptcy Procedure, including the Rules governing this Chapter 13 case. Failure to do so may result in this case being dismissed and may result in the imposition of court costs and appropriate sanctions. Furthermore, dismissal may be with prejudice pursuant to 11 U.S.C. section 109(g)(1)

(2) IF ALL THE ITEMS LISTED IN 11 U.S.C. SECTION 521(a)(1) HAVE NOT BEEN FILED BY THE 45TH DAY AFTER THE DATE OF THE FILING OF THE PETITION, ANY PARTY IN INTEREST MAY MAKE AN 11 U.S.C. SECTION 521(i)(2) REQUEST THAT THE COURT ENTER AN ORDER DISMISSING THIS CASE BY FILING A WRITTEN MOTION OR BY MAKING SUCH REQUEST DURING A HEARING AS REQUIRED BY RULE 9013 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE.

(3) If the Debtor(s) or the Attorney for the Debtor(s) should fail to abide by this Order and depending upon the circumstances of the case, the United States Trustee or the Chapter Trustee may file a motion to dismiss or may request other appropriate relief.

---
**Entered on Docket**
**10/22/25**
---

Judge Lee M. Jackwig
United States Bankruptcy Judge